RUSSELL v. CARPENTER.

1. CANCELLATION OF INSTRUMENTS—MENTAL INCAPACITY—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.

To warrant the setting aside of a conveyance on the ground of mental incapacity and undue influence and duress, the evidence must be more substantial than sufficient to raise in the mind a suspicion that such conditions existed, a fair preponderance of the proof being necessary in such a case as in any other.

2. SAME—EVIDENTIARY FACTS—COGENCY.

The fact that those entitled to receive the bounty of a decedent have not been equally remembered is not, of itself, sufficient evidence of mental disturbance, or of improper and vicious conduct on the part of those most favored.

3. SAME—EVIDENCE—SUFFICIENCY.

On a bill to set aside a deed and a change in the beneficiary of a benefit certificate, on the ground of mental incompetency and undue influence, evidence examined, and held, insufficient to establish that the grantor was incompetent or under restraint or undue influence.

Appeal from Livingston; Miner, J. Submitted January 17, 1908. (Docket No. 85.) Decided June 27, 1908.

Bill by Cora L. Russell and Eva J. Gibson against

Bert Carpenter, the Knights of the Modern Maccabees, and others, to set aside a deed and a change in the terms of a benefit certificate. From the decree rendered, complainants and defendants Carpenter appeal. Reversed, and bill dismissed.

*Louis E. Howlett* and *George Pardee,* for complainants.

*William P. Van Winkle* and *E. C. Shields,* for defendants.

McALVAY, J. The bill in this cause was filed by complainants against defendant Bert Carpenter, his wife, and the Knights of the Modern Maccabees, for the purpose of setting aside a certain deed made by the father, Samuel Carpenter, to the principal defendant, and for setting aside a certain benefit certificate issued by the Maccabees naming said defendant as beneficiary in the place and stead of a former certificate taken out by the father in favor of his wife, afterwards deceased. Complainants claim that such transfers were made when their father was mentally incompetent, and because of the undue influence of the son.

The complainants and defendant Bert Carpenter are the sole heirs at law of Samuel Carpenter, deceased. He lived with his wife and family upon a farm in Livingston county for many years. He owned about 120 acres of land, but sold one 40 acres leaving 77 acres. His wife died in 1894. She had a benefit certificate in the Maccabees for $1,000 payable to the son.

After the wife's death, Samuel Carpenter and the son, Bert, lived together on the farm until the son married, the old gentleman doing the housework. The son married in December, 1902, after which time, until his death, the father, the son and his wife composed the household.

On March 10, 1906, Samuel Carpenter made a will providing a legacy of $250 for each of complainants, payable one-half in two years and one-half in three years after

his death, without interest, making such legacies a charge against his farm until paid. The balance of his estate, real and personal, he devised to his son, Bert Carpenter, and appointed him executor.

Samuel Carpenter was first taken with his last sickness in February or March, 1906. He became well enough in June to make a visit of two weeks to his daughter Mrs. Gibson. After his return he gradually grew weaker and was confined to his room and bed for most of the time after August 1st until December 7th, when his death occurred. From the beginning of April until his death medical attendance was required practically all of the time. During this time he remained on the farm, and was cared for by his son and wife, and by both complainants, who apparently gave such time as their duties to their families permitted.

The change making the benefit insurance payable to the defendant Bert Carpenter occurred September 18, 1906, and the deed in dispute was executed and delivered October 16, 1906.

Upon the hearing of the case the court granted relief as to the benefit certificate, setting it aside on account of undue influence and insufficient mental capacity and holding the first certificate to be in force and effect, and denied relief as to the deed in question, holding that the transfer was the free, voluntary act of deceased, with mental capacity to perform the same. These two transfers practically disposed of all of the estate of Samuel Carpenter, and is all of the property in dispute in the case. Both parties have appealed from the decree of the circuit court.

The case presents the usual features of cases of this kind, where a dispute arises between heirs who have not received equal consideration in the disposition of a parent's estate.

To determine that mental incapacity exists, and that undue influence and duress have been exercised, it is necessary that evidence should be more substantial than sufficient to raise in the mind a suspicion of such conditions.

Courts do not consider that the fact that those entitled to receive the bounty of a decedent have not been equally remembered is, of itself, sufficient evidence of mental disturbance or improper and vicious conduct on the part of those most favored. A fair preponderance of the proof must be furnished to establish such facts, the same as is necessary to establish any other fact. In this case there is much proof to show that some feeling existed between these children. It is evident that the son was not at all pleased with the terms of the will his father had made, and there is also evidence tending to show at least a willingness on his part to have the property disposed of otherwise. He was a coarse, profane fellow, and the undisputed evidence shows that the language he frequently used towards his father was disgraceful and shocking.

The question for us to decide is one of fact. To digest the evidence in this record will be of no benefit to the profession. Our conclusion from an examination of the entire record is that the complainants have not established that decedent at the time either or both of the transactions in dispute occurred was mentally incompetent or under restraint and undue influence. The positive and substantial evidence in the case satisfies us by a fair preponderance that such was not the case, and that Samuel Carpenter, at the time he procured the change in the benefit certificate, and when he executed the deed reserving a life interest, was competent to perform these acts, and that he acted of his own free will.

The decree of the court setting aside the benefit certificate is reversed, and a decree will be entered in favor of defendants. The bill of complaint will be dismissed and the injunction dissolved. Defendants will recover costs of both courts.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.